Ira S. Sacks
Law Office of Ira S. Sacks, LLP
49 Winding Ridge Road
White Plains, NY 10603
Tel. (917) 767-7147
Email: irasacksllp@gmail.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION,<br><br>Plaintiff,<br><br>-against-<br><br>TRIDENT INTERNATIONAL LLC and SANJAY CHADHA,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Committee for the Advancement of Torah d/b/a OK Kosher Certification ("OK Kosher" or "Plaintiff"), for its Complaint for trademark counterfeiting, trademark infringement and related claims against Trident International LLC ("Trident") and Sanjay Chadha ("Chadha"), alleges on knowledge as to Plaintiff's own acts and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1.      This is a civil action for counterfeiting in violation of 15 U.S.C. § 1114; trademark infringement in violation of 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); and related state and common law claims (the "Action"). Plaintiff seeks permanent injunctive relief, actual or statutory damages, recapture of profits, reasonable attorney's fees and costs and further relief as this Court deems just and proper.

## PARTIES

2. Plaintiff OK Kosher is a New York religious corporation, located at 391 Troy Avenue, New York, New York 11213.

3. Trident is a New York limited liability corporation, with a place of business at 40 Rabro Dr., Hauppauge, NY, 11788-4240.

4. Chadha is an individual who regularly works at 40 Rabro Dr., Hauppauge, NY, 11788-4240. Chadha dominated and controlled the acts of Trident in all respects relevant herein.

## JURISDICTION AND VENUE

5. This is an action for trademark counterfeiting, trademark infringement and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended (the "Lanham Act"), and for breach of contract, and unlawful and deceptive acts and practices.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), (b); and 15 U.S.C. §§ 1116, 1121. This Court has jurisdiction over Plaintiff's claims for related state and common law claims pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants on because they both transact business in this jurisdiction, the claims arose in this jurisdiction and both Defendants reside in this jurisdiction.

8. Venue is proper in this District because the claims arose in this District and both Defendants reside in this District.

**PLAINTIFF'S TRADEMARKS**

9. Donel Corporation, a New York Corporation, located at 391 Troy Avenue New York New York 11213, is the owner of, and OK Kosher is the exclusive licensee of, the following Certification Marks (collectively, the "OK Kosher Mark"), registered on the Principal Register of the United States Patent and Trademark Office, Registration Nos. 2,094,030 and 0795,748.



10. The OK Kosher Mark is exclusively used by OK Kosher for kosher certification of food and other products. OK Kosher has the exclusive right to enforce the OK Kosher Mark and preclude products from using the OK Kosher Mark that has not been certified by it.

11. The OK Kosher Mark certifies that the goods or services and the ingredients, as well as the mode and manner of manufacture, handling and packaging, and the wrappings, and other containing materials, meet all requirements of the Mosaic Code and biblical requirements, so as to qualify them for Orthodox Jewish use and consumption, and thus of kosher quality.

12. Consumers of kosher products rely on certification by OK Kosher to ensure that products are, in fact, qualified by them for Orthodox Jewish use and consumption, and are of kosher quality. OK Kosher takes protection of the legal rights in its Certification Mark, and consumers who rely upon the certification it represents, very seriously.

**DEFENDANTS WILLFUL COUNTERFEITING AND TRADEMARK INFRINGEMENT**

13. Defendants made, produced, marketed, sold and/or distributed products using a counterfeit of the OK Kosher Mark on Terra Vita Canola Oil and other oils (the "Products") sold by them to various distributors (the "Illegal Products"). An illustrative image is as follows:



14. Defendants has achieved substantial sales and profits as a result of their continued illegal use of the OK Kosher Mark. It is unjust to allow Defendants to retain those gains.

15. The foregoing registrations of the OK Kosher Mark are valid, subsisting, unrevoked and uncancelled, and has achieved incontestable status pursuant to 15 U.S.C. § 1065.

16. Plaintiff did not inspect or certify the Illegal Products as kosher and did not approve the Illegal Products for sale or distribution.[1]

17. Defendants' illegal counterfeiting and infringing actions alleged herein, and Defendants' use of marks identical to, substantially indistinguishable from, and/or confusingly similar to, Registration Nos. 2,094,030 and 0795,748 on or in connection with the offering for sale and sale of the Illegal Products: (i) are likely to cause and has caused confusion, mistake and

---

[1] The Illegal Products also claim to be certified by OU Kosher. OK Kosher is informed by OU Kosher that they also do not certify the Illegal Products.

4

deception by and among the consuming public that all such goods are certified by OK Kosher; (ii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that there is some affiliation, connection or association of the Illegal Products with OK Kosher; and/or (iii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that the Illegal Products are being offered with the sponsorship or approval of Plaintiff.

18. Defendants offered for sale and sold, supplied and/or manufactured the Illegal Products knowing that the Illegal Products bore infringements and counterfeits of the OK Kosher Mark. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendant, the benefit of the goodwill associated with products bearing the OK Kosher Mark.

19. Unless enjoined, Defendants may continue to cause irreparable harm to Plaintiff and to consumers who rely on the certification signified by the OK Kosher Mark.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK COUNTERFEITING**
**(15 U.S.C. § 1114)**

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. The Illegal Products use marks that are identical to or substantially indistinguishable from Registration Nos. 2,094,030 and 0795,748.

22. Defendants' manufacture, distribution, offer for sale and/or sale of the Illegal Products was without Plaintiff's authorization or consent.

23. Defendants' manufacture, distribution, offer for sale and/or sale of the Illegal Products was knowing and intentional, with knowledge of both Plaintiff's well-known and prior

5

rights in the OK Kosher Mark and the fact that Defendants' Illegal Products bear marks which are identical to or substantially indistinguishable from the OK Kosher Mark.

24. Defendants have engaged in intentional and willful trademark counterfeiting in violation of 15 U.S.C. § 1114.

25. As a direct and proximate result of Defendants' actions alleged herein, Defendants has caused substantial and irreparable injury and damage to Plaintiff and its valuable OK Kosher Mark for which Plaintiff has no adequate remedy at law.

26. Unless Defendants' actions are immediately enjoined, Defendants may continue to cause damage to Plaintiff and their valuable OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

27. Plaintiff is also entitled, election, actual damages or statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the OK Kosher Mark.

28. Defendants also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendants' willful actions.

**SECOND CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. Plaintiff is the exclusive licensee of the OK Kosher Mark.

31. Defendants knowingly and intentionally reproduced, copied, and colorably imitated Registration Nos. 2,094,030 and 0795,748 and applied such reproductions, copies or colorable

6

imitations to the goods offered for sale and/or sold.

33. Defendants' actions have been deliberate and committed with knowledge of Plaintiff's exclusive rights in the OK Kosher Mark, as well as with bad faith and the intent to cause confusion, mistake and deception.

33. Defendants' manufacture, supply, sale and/or offer for sale of the Illegal Products, without Plaintiff's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114. Such use is likely to cause confusion, deception and mistake among the consuming public as to the source, approval or sponsorship of the Illegal Products.

34. As a direct and proximate result of Defendants' unlawful and infringing actions as alleged herein, Plaintiff has suffered substantial and irreparable injury, loss and damage to its rights in and to the OK Kosher Mark, for which Plaintiff has no adequate remedy at law.

35. Unless Defendants' unlawful and infringing actions as alleged herein are immediately enjoined, Defendants may continue to cause damage to Plaintiff and its rights in the OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

36. Plaintiff is entitled to its actual damages in an amount to be proved at trial. Defendants also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts, and such should be profits trebled because of Defendants' willful actions.

### THIRD CLAIM FOR RELIEF
### FEDERAL FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. Plaintiff is the exclusive licensee of the OK Kosher Mark.

39. The OK Kosher Mark is inherently distinctive and/or has acquired distinctiveness.

7

40. Defendants' use of copies or simulations of the OK Kosher Mark in connection with Defendants' manufacture, distribution, offer for sale and/or sale of the Illegal Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the approval and/or sponsorship of the Illegal Products, and is likely to deceive the public into believing the Illegal Products being sold, offered for sale, supplied and/or manufactured by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff.

41. Defendants' sale of the Illegal Products is likely to cause confusion to the general purchasing public.

42. By misappropriating and using the OK Kosher Mark, Defendants misrepresent and falsely describe to the general public the origin and source of the Illegal Products and create a likelihood of confusion by consumers as to the certification of such merchandise.

43. Defendants' unlawful, unauthorized and unlicensed manufacture, supply, offer for sale and/or sale of the Illegal Products creates express and implied misrepresentations that the Illegal Products were authorized or approved by Plaintiff, all to Defendants' profit and Plaintiff's injury.

44. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' manufacture, supply, offer of sale and/or sale of the Illegal Products in interstate commerce constitutes a false designation of origin.

45. As a direct and proximate result of Defendants' aforementioned wrongful actions, Defendants has caused irreparable injury to Plaintiff. Defendant, by (i) injuring the value of the OK Kosher Mark and (ii) causing loss and damage to Plaintiff's rights in the OK Kosher Mark, and has injured Plaintiff in a manner as to which Plaintiff has no adequate remedy at law.

46. Unless Defendants' unlawful actions as alleged herein are immediately enjoined, Defendants may continue to cause damage to Plaintiff and its OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

47. Plaintiff is entitled to its actual damages in an amount to be proved at trial. Defendants also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendants' willful actions.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT AND UNJUST ENRICHMENT

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 above as if fully set forth herein.

49. The aforementioned acts of Defendants constitute trademark infringement and unjust in violation of the common law of the State of New York.

50. As a result of such misconduct, Defendants has made sales and profits that they would not have otherwise made. Therefore, Defendants has been unjustly enriched.

51. Such conduct on the part of Defendants has injured Plaintiff and has caused and threatens to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

52. Unless Defendants' unlawful actions as alleged herein are immediately enjoined, Defendants may continue to cause damage to Plaintiff and its valuable OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

53. By reason of and as a direct result of such misconduct, Defendants were unjustly enriched in an amount to be determined at trial. Defendants should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendants' willful actions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. Permanently enjoining and restraining Defendants, and their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a) imitating, copying or making unauthorized use of the OK Kosher Mark;

(b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the OK Kosher Mark or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark;

(c) using any unauthorized colorable imitation of the OK Kosher Mark in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any goods in such a manner as to relate or connect, or tend to relate or connect, such goods of Defendants in any way with OK Kosher or to any goods sold, sponsored, approved by, or connected with OK Kosher;

(d) engaging in any other activity constituting an infringement of the OK Kosher Mark or of OK Kosher's rights in, or its right to use or exploit such trademark, and the reputation and goodwill associated therewith;

(e) making any statement or representation whatsoever, with respect to the infringing and counterfeit goods at issue, that falsely designates the origin of the goods as those certified by OK Kosher, or that is false or misleading with respect to OK Kosher;

(f) engaging in any other activity, including, but not limited to, the effectuation of assignments or transfers of its interests in goods bearing any unauthorized reproduction, copy,

counterfeit or colorable imitations of the OK Kosher Mark and/or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above; and

(g) destroying, altering, disposing of, removing, moving, transporting, tampering with or in any manner secreting any and all business records, including invoices, correspondence, customer/purchase lists, supplier lists, books of account, receipts, art work, designs, sketches or other documentation, and equipment and related paraphernalia relating or referring in any manner to or used or which could be used in or for the manufacture, advertising, receiving, supply, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the OK Kosher Mark and/or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark and any other items in their possession, custody or control, including raw materials, and means of manufacture concerning the manufacturing, acquisition, importation, purchase, shipment, sales or offer for sale or distribution of said unauthorized merchandise.

2. Authorizing Plaintiff to seize, and/or directing Defendants to deliver for destruction, all goods, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing any unauthorized reproductions, copies, or colorable imitations of the OK Kosher Mark or any marks or designs confusingly similar thereto, either individually or in connection with other words, marks or designs.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Illegal Products manufactured, supplied, offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by OK Kosher or is related to or associated in any way with OK Kosher.

4. Awarding OK Kosher its actual damages in an amount to be proved at trial.

5. Awarding OK Kosher, at its election, actual damages or statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the OK Kosher Mark.

6. Requiring Defendants to account and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendants' willful actions.

7. Awarding OK Kosher its costs and reasonable attorneys' and investigatory fees, expenses, costs, together with pre-judgment interest.

8. Awarding OK Kosher such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 20, 2025

**LAW OFFICE OF IRA S/ SACKS, LLP**

*s/      Ira S. Sacks*
         Ira S. Sacks
49 Winding Ridge Road
White Plains, NY 10603
Tel. (917) 767-7147
Email: irasacksllp@gmail.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury of all claims and issues so triable.